IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LIVE OAK BANKING COMPANY, | ) | CASE NO. 1:17 CV 719 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| PETER F. BUTLER, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff, Live Oak Banking Company ("Live Oak"). (Docket #16.) Pursuant to Fed. R. Civ. P. 56, Live Oak seeks summary judgment in its favor against Defendants, Peter F. Butler and Partners Financial Group, LLC ("Defendants"), on its Complaint for Money Judgment.

I.  **Factual and Procedural Background.**[1]

On March 20, 2013, Defendant, Partners Financial Group, LLC, through its agent and President, Peter F. Butler, executed and delivered an adjustable rate Small Business

---

[1] The facts as stated in this Memorandum Opinion and Order are taken from the Parties' submissions. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving Party.

Administration Note ("the Note") in favor of Live Oak in the amount of $1,312,000.00, plus interest at the Wall Street Journal Prime Rate plus 1.75% per annum. (Docket #16, Affidavit of Angela Wylubski, Exhibit A-1.) On that same day, Defendant, Peter F. Butler, executed and delivered to Live Oak a United States Small Business Administration Unconditional Guarantee ("the Guarantee"), unconditionally guaranteeing payment to Live Oak of all amounts due and owing under the Note. (Affidavit of Angela Wylubski, Exhibit A-2.) Live Oak is the original Lender under the Note and Guarantee, maintained possession of the Note and Guarantee as of the time of the filing of the Complaint in this case, and continues to maintain possession of the Note and Guarantee. (Affidavit of Angela Wylubski at Paragraph 9, Exhibits A-1 and A-2.) Live Oak is the secured party and holder of a UCC Financing Statement, filed with the Ohio Secretary of State on March 19, 2013, and a UCC Financing Statement Amendment filed with the Ohio Secretary of State on April 10, 2013. (Affidavit of Angela Wylubski at Paragraph 9, Exhibit A-3 and A-4.)

On April 6, 2017, Live Oak filed its Complaint/Action for Money Judgment, and on June 15, 2018 filed the instant Motion for Summary Judgment. Live Oak alleges that beginning in or around February 2017, Defendants failed to make the monthly payments due on the Note. (Affidavit of Angela Wylubski, Exhibit A-5.) Live Oak alleges that it is the holder of the Note and Guarantee; that Defendants are in default; and, that Defendants have failed to cure the default, thereby breaching their contractual obligations and entitling Live Oak to declare all amounts due and payable. (Affidavit of Angela Wylubski at Paragraphs 10 and 11, Exhibits A-1 and A-2.) Live Oak seeks payment of principal in the amount of $942,946.99; interest to June 12, 2018 in the amount of $81,022.27; late charges in the amount of $6,669.87; costs for life

insurance premiums in the amount of $3,806.25; attorney fees for Schiller, Knapp, Lefkowitz and Herzel, LLP, in the amount of $4,277.06; and, attorney fees for Reimer Law Co. in the amount of $7,838.10, for a total amount due of $1,046,560.54. (Affidavit of Angela Wylubski at Paragraph 12.)

Defendants filed their Opposition Brief on July 16, 2018. (Docket #17.) Defendants argue that the Affidavit of Angela Wylubski, Live Oak's Banking Officer, fails to adequately support Live Oak's claimed damages and attorney fees, and that Live Oak failed to provide supporting documentation to establish that life insurance premiums were paid, were reasonable, or should be awarded.

Live Oak filed a Reply Brief on July 23, 2018. (Docket #18.) Live Oak argues that the plain language of the Note and Guarantee entitle Live Oak to the damages sought and requests the Court permit it to provide additional support for the claimed life insurance premiums if the Court deems Ms. Wylubski's Affidavit to be insufficient. Live Oak argues that Ms. Wylubski's Affidavit, coupled with Small Business Administration ("SBA") regulations which require a lender to carry life insurance on a borrower under certain conditions, are sufficient to support Live Oak's request for repayment of life insurance premiums. Further, Live Oak asserts that pursuant to the express terms of the Note and Guarantee, it is entitled to attorney fees and asks the Court to enter judgment as to Defendants' liability for attorney fees, upon which Live Oak will provide documentation to support the amounts requested.

**II.    Standard of Review.**

Summary judgment is appropriate when the court is satisfied "that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. Ohio 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. Mich. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. Ky. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**III.  Discussion.**

If a contract is clear and unambiguous, then its interpretation is a matter of law, and there is no issue of fact to be determined. *See Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc.*, 15 Ohio St. 3d 321, 15 Ohio B. 448, 474 N.E.2d 271, 272 (Ohio 1984). Defendants do not dispute the existence or terms – nor do they dispute that Live Oak is the Holder – of the Note and Guarantee. Pursuant to the express terms of the Note and Guarantee, Defendants are liable for the amounts due and owing, as well as interest and late charges. (Affidavit of Angela Wylubski, Exhibit A-1 at Section 6(B) and Exhibit A-2 at Section 9(A).) Live Oak submits a detailed Account Statement, authenticated by Affidavit, in support of following the requested amounts dues and owing – principal in the amount of $942,946.99, interest in the amount of $81,022.27 and late charges in the amount of $6,669.87. (Affidavit of Angela Wylubski, Exhibit A-5.) Defendants have failed to present any evidence demonstrating these amounts are not due or otherwise incorrect.

Pursuant to the express terms of the Note and Guarantee, Live Oak is also entitled to attorney fees. (Affidavit of Angela Wylubski, Exhibit A-1 at Section 6(B) and Exhibit A-2 at Section 9(A).) Live Oak shall submit an affidavit and supporting documentation as to the reasonableness of the attorney fees requested and Defendants shall have the opportunity to respond.

As set forth above, Defendants challenge Live Oak's request for repayment of life insurance premiums in the amount of $3,806.25. Live Oak argues that the Note falls under the category of a SBA Standard 7(a) Loan, as evidenced by the words "Form 147" at the bottom of each page of the Note, and that SBA regulations required that Live Oak carry life insurance on Mr. Butler. (Docket #18 at p. 4, citing Small Business Administration Standard Operation

Procedures 50 10 5(B), Chp. 5, II, D.)  The Court will permit Live Oak to submit additional documentation as to the existence of the Life Insurance Policy, governing regulations, applicable Note and Guarantee Terms, and the payments made.

**IV.     Conclusion.**

As set forth above, the Motion for Summary Judgment filed by Plaintiff, Live Oak Banking Company (Docket #16) is hereby GRANTED IN PART.

Pursuant to the express terms of the Loan and Guarantee, Live Oak is entitled to payment of principal in the amount of $942,946.99; interest in the amount of $81,022.27; late charges in the amount of $6,669.87, and reasonable attorney fees.  The Court reserves ruling on the issue of life insurance premiums pending additional documentation from Live Oak.

Live Oak shall have 10 days within which to file a brief and supporting affidavit/documentation regarding the reasonableness of the attorney fees requested and its entitlement to paid life insurance premiums.  Defendants shall have 10 days thereafter to respond.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _August 10, 2018_