UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LIVE OAK BANKING COMPANY, | ) | CASE NO. 1:17-CV-719 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| PETER F. BUTLER, et al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court upon Live Oak Banking Company's ("LOB") request for costs it incurred to preserve a Life Insurance Policy that was required in order for Defendants, Peter F. Butler, ("Mr. Butler") and Partners Financial Group, LLC ("Partners Financial") to obtain a $1,312,000.00 loan from the Small Business Administration ("SBA"). (See ECF #22). On August 10, 2018, this Court found that Defendants defaulted on their SBA loan obligations and granted Judgment for Live Oak to obtain the principal amount of the loan, plus interest and late fees. (See ECF #21). However, this Judgment reserved ruling upon whether LOB was entitled to be reimbursed, both for the life insurance premiums it paid and attorney fees, until LOB provided this Court with supporting affidavits/documentation. LOB timely filed Plaintiff's Supplemental Brief as to Life Insurance Premiums and Attorney Fees, (ECF #22) and Defendants filed a Brief in Opposition to LOB's supplemental brief. (ECF #23). Therefore, this matter is fully briefed and ripe for review.

I. Costs

LOB provides that pursuant to the terms of the SBA Standard Operating Procedures, the loan obtained by Mr. Butler in March of 2013 required him to obtain life insurance as a material

1

inducement to obtaining the SBA loan, and that Mr. Butler was required to maintain the life insurance policy for the life of the loan. (See ECF #22, pp. 2-3). Mr. Butler provided to LOB a signed Affidavit of Insurance which stated that he obtained the proper amount of life insurance, he would provide LOB with a recorded collateral assignment, that failure to provide the assignment constitutes a default under the loan; and that he understood "the policy must remain in full force and effect for the life of the loan." (ECF #22, p. 3).

In February of 2017, LOB received notice that Mr. Butler's insurance policy was at risk of cancellation for non-payment. (See ECF #22, p. 4). LOB provides documentation showing that it incurred $4,821.25 in cost advances from February of 2017 until July of 2018 in order to keep Mr. Butler's life insurance policy in full force and effect. (See ECF #22-1, p. 23). The Defendants do not dispute that these payments were made by LOB in their Opposition Brief. Therefore, this Court orders that Defendants reimburse LOB for these costs, as they were reasonably and necessarily incurred.

II. Attorney Fees

LOB's Supplemental Brief also submits itemized billings statements for attorney fees incurred by two law firms that represented LOB's interests in this matter. Schiller, Knapp, Lefkowitz & Hertzel, LLP, based in Latham, NY, provided in a sworn Affidavit that they were hired by LOB to obtain a judgment against Defendants for defaulting on the loan, and that they provided $4,562.15 in legal services. This firm bills an average hourly rate between $195.00 and $225.00 per hour for attorneys. (See ECF #22-3). Reimer Law Company, based in Solon, Ohio, provided in a sworn Affidavit that it provided LOB $9,583.40 in legal services, charging an hourly rate of $275.00 for attorneys and $137.00 for paralegals. (See ECF #22-2). Therefore,

2

LOB incurred a total of $14,145.55 in legal expenses to protect its financial interests after Defendants defaulted on the loan.

Defendants provide cursory and general objections to the legal fees outlined by LOB, without any legal support as to why they were unreasonable and should be reduced. On the other hand, the law firms representing LOB provided affidavits and documentation to describe the services performed and established that their services were necessary and reasonable. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). After a thorough review of the itemized billing statements, as well as the hourly rates charged, this Court find that the legal expenses incurred by LOB to obtain a judgment against Defendants for defaulting on a $1,312,000.00 loan are reasonable and appropriate. Therefore, this Court orders that Defendants reimburse LOB for their attorney fees.

III. Conclusion

For the reasons set forth herein, this Court Orders Defendants to reimburse LOB a total of $18,966.80, which represents $4,821.25 for costs incurred; and $14,145.55 for attorney fees.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Court

Date: November 27, 2018